OPINION
STATEMENT OF THE FACTS
On June 10, 1998, appellant was convicted of one count of felonious assault, one count of simple assault, and one count of abduction of Debra Castle, following jury trial in Fairfield County Common Pleas Court. As the judge was sentencing appellant, appellant made the following comments:
THE DEFENDANT: That's how long you've got.
 THE COURT: The Court will remand the Defendant to the custody of the Sheriff's Office for execution of sentence.
THE DEFENDANT: You can bet on it.
 DEPUTY RUSSELL: Just watch it. You don't need any more trouble than you've already got.
 THE DEFENDANT: I'm not worried about trouble with a life sentence here.
DEPUTY RUSSELL: You can't fight back.
THE DEFENDANT: You got a date, Debbie, Count on it.
DEPUTY RUSSELL: Watch your mouth.
THE DEFENDANT: Count on it.
Tr., 110, 111.
Deputy Stephanie Russell was in the courtroom as appellant was making these comments. She noted that appellant made eye contact with Ms. Castle while he was speaking. While Deputy Russell was walking appellant across the street to the Fairfield County Jail, appellant said, "I should have killed her while I had the chance. She's a no-good cunt." Tr. 131. Appellant kept repeating the same remarks to Deputy Russell.
Before Debra Castle testified in the assault case, appellant asked her to tell the judge that her statement to the police department was false, and her injuries were incurred when she fell down the steps. Appellant threatened her children and grandchildren in an attempt to prevent her from testifying. Appellant told Ms. Castle that if she testified, she would pay, and that the town wasn't big enough for the both of them. He further told her that they would never find her body.
On May 22, 1998, appellant left a message on Debra Castle's telephone answering machine. He told her that she was going to leave, she was not gaining anything by this, and she would have to suffer the consequences. He stated that hate couldn't describe the word, and she would be dragging a bunch of people into this that were not necessary. He warned her not to testify, because she was not accomplishing a thing. Ms. Castle believed that appellant would kill her if she testified. While the case was pending, he telephoned her approximately 200 times.
On May 28, 1998, Ms. Castle received a letter from appellant. In the letter, appellant wrote, ". . . but like I said, I'll lie down and do this time, but you will give me part of it back. You can count and believe that, no matter where you go."
Appellant was indicted by the Fairfield County Grand Jury of three counts of intimidation of a witness and one count of retaliation. The case proceeded to jury trial in the Fairfield County Common Pleas Court, after appellant's motion to sever counts one and two from counts three and four was overruled. Following jury trial, he was convicted of all four counts. Counts three and four were merged, and he was sentenced to three years incarceration on those counts. He was sentenced to three years of incarceration each on counts one and two. The three sentences were to be served consecutively.
 STATEMENT OF THE CASE
On December 23, 1999, this Court found Appellant Steven William Wagner's direct appeal from the judgment of the Fairfield County Common Pleas Court convicting him of three counts of intimidation of a witness (R.C. 2921.04 (B)), and one count of retaliation (R.C. 2921.05 (B)) to be without merit and affirmed same.
On March 6, 2000, appellant moved to re-open his appellate case based upon a claim of ineffective appellate counsel. This court, by Judgment Entry filed June 5, 2000, granted appellant's motion to re-open the case pursuant to Appellate Rule 26(B)(1).[1]
Appellant raises the following assignment of error pursuant to his claim of ineffective assistance of appellate counsel:
 Assignment of Error THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL DUE TO THE FAILURE OF APPELLATE COUNSEL TO RAISE, IN THE DIRECT APPEAL, THE ERROR COMMITTED BY THE TRIAL COURT AND TRIAL COUNSEL IN IMPANELING AN ANONYMOUS JURY.
 Ineffective Assistance of Appellate Counsel
A criminal defendant is entitled to effective assistance of appellate counsel on a first appeal as of right. Evitts v. Lucy (1985), 469 U.S. 387,396; In re Petition of Brown (1990), 49 Ohio St.3d 222, 223. The failure to provide effective assistance of appellate counsel constitutes a denial of significant constitutional rights and requires a reversal of the conviction. See Pension v. Ohio (1988), 488 U.S. 75. Previously, pursuant to App. R. 26(B)(1), this court granted appellant the opportunity to re-open his appeal to pursue arguments that his appellate counsel was ineffective on his prior direct appeal.
In determining whether a defendant has received the effective assistance of appellate counsel, the same standards set forth inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674, for determining a claim of ineffectiveness of trial counsel apply.State v. Watson, supra, at 16, 572 N.E.2d 97.
Therefore, a claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 113 S. Ct. 838,122 L.Ed. 2d 180; Strickland v. Washington (1984), 466 U.S. 668,104 S. Ct. 2052, 80 L. Ed. 2d 674; State v. Bradley (1989), 42 Ohio St.3d 136.
In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St. 3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id. It is appellant's burden to establish the ineffectiveness of his counsel because in Ohio, a properly licensed attorney is presumed to be competent. State v. Jackson (1980), 64 Ohio St.2d 107, 110-111,413 N.E.2d 819.
In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." Statev. Carter (1995), 72 Ohio St.3d 545, 558, citing Lockhart v. Fretwell,supra.
The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." State v. Bradley, supra at 143, quoting Strickland v. Washington, supra, at 697.
We note, however, that in considering appellant's claims, appellate counsel "need not advance every argument, regardless of merit, urged by the appellant. . . . But the attorney must be available to assist in preparing and submitting a brief to the appellate court, . . . and must play the role of an active advocate, rather than a mere friend of the court assisting in a detached evaluation of the appellant's claim."Evitts v. Lucey, supra, at 394 (citations omitted) (emphasis in the original). As the Cuyahoga County Court of Appeals has stated:
 Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The Court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745, 103 S.Ct. 3308, 3313, 77 L.Ed.2d 987. Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy.
 State v. Ridgeway (May 20, 1998), Cuyahoga App. No. 56875, unreported, 1998 WL 274517, at 3.
In an appeal of this type, the sole issue cognizable by this court is ineffective assistance of appellate counsel. State v. Stanley (July 1, 1996), Stark App. No. 1994CA00025, unreported, 1996 WL 488825; See Statev. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204.
Appellant argues that his appellate counsel was ineffective in failing to raise a claim of ineffective assistance of trial counsel for failing to object to the empaneling of an anonymous jury.
Had appellate counsel assigned error to such, a plain error analysis would have been applied based on the fact that trial counsel did not object to the use of an anonymous jury, or raise any issue regarding juror anonymity at trial. Normally, an appellate court need not consider an error that was not called to the attention of the trial court at a time when the error could have been avoided or corrected by the trial court. State v. Williams (1977), 51 Ohio St.2d 112, 117, 5 O.O.3d 98, 101, 364 N.E.2d 1364, 1367. Accordingly, a claim of error in such a situation is usually deemed to be waived absent plain error. See Crim.R. 52(B). "Notice of plain error * * * is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
There is no unqualified constitutional right to know the identity of jurors. State v. Hill (2001), 92 Ohio St.3d 191.
A thorough review of the record reveals no hints of any prejudice to appellant flowing from the use of an anonymous jury. Id. The trial court explained to the potential jurors at the outset of voir dire that anonymity was the rule for all trials in that court, making clear that anonymity was not being invoked to prevent them from being harmed by this particular defendant. Id. An extensive voir dire of the potential jurors was conducted, and we can find no indications in the record that appellant's attorney's efforts to seat an acceptable jury were impeded in any way by the unavailability of the names and addresses of jurors. Id.
Like the Supreme Court in Hill, supra, we would be hard-pressed to determine from this record that any error occurred in the seating of an anonymous jury, the starting point for a plain-error inquiry. See
Crim.R. 52(B). See, also, United States v. Olano (1993), 507 U.S. 725,732, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508, 518 (first condition to be met in noticing plain error is that there must be error). Since appellee has failed to persuade us that any error occurred in the use of an anonymous jury, we find that appellant falls well short of demonstrating "plain error" warranting reversal.
Having found such, we find that Appellant has failed to meet the second prong in Strickland, supra, showing that but for counsel's ineffectiveness, the outcome of the trial would have been different.
Appellant's sole assignment of error is overruled.
The judgment of the Fairfield County Common Pleas Court is affirmed.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Fairfield County Common Pleas Court is affirmed. Costs to be assessed to Appellant.
Hon. Sheila G. Farmer, J. Hon. Julie A. Edwards, P.J. Hon. John F. Boggins, J. concur.
[1] "A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App. R. 26(B)(1).